## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CONSOLIDATED GRAIN & BARGE, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO.  12-0892** |
| **M/V DRAWSKO**, *in rem*, **and POLSTEAM SHIPPING AGENCY, LTD., DEAD SEA WORKS, LTD., and E. N. BISSO & SONS, INC.,** *in personam* | **SECTION "F"  (3)** |
| | **JUDGE FELDMAN** |
| | **MAG. KNOWLES** |

## DEFENSES AND ANSWER

INTO COURT, through undersigned counsel, comes Polsteam Shipping Company Limited, Limassol, Cyprus (incorrectly sued as Polsteam Shipping Agency, Ltd.) and in answer to the Original Complaint for Damages of Consolidated Grain and Barge, Inc. (hereinafter referred to as "CGB") avers as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The court lacks personal jurisdiction over the defendant.

## THIRD DEFENSE

Pending discovery, defendant reserves its rights to claim that there has been a failure to join a party under Rule 19.

## FOURTH DEFENSE

NOW, defendant responds to the numbered paragraphs of the Complaint as follows:

- 1 -

PD.6724847.1

1.

Denied for lack of sufficient information to justify a belief therein.

2.

It is admitted that the M/V DRAWSKO is a bulk carrier which at all relevant times was registered under a foreign flag.  The DRAWSKO initially berthed at the midstream facility in question on or about March 30, 2011 (not March 31, 2011 as alleged).  The remaining allegations of this paragraph require no answer as they state or attempt to state conclusions of law or jurisdictional matters; however, to the extent answer may be deemed necessary, all allegations not specifically admitted are hereby denied. Defendant also further avers that the Letter of Undertaking is the best evidence of its terms and conditions.

3.

Denied.  Polsteam Shipping Agency, Ltd. is not a proper party for this case and has no involvement herein.  Further answering, Polsteam Shipping Company Limited, Limassol, Cyprus (hereinafter "Polsteam Limassol") is a foreign corporation organized under the laws of Cyprus with its registered office in Limassol, Cyrus.  At all material times, Polsteam Limassol was the bareboat charterer of the M/V DRAWSKO.

4.

Based on information and belief, Dead Sea Works, Ltd. (hereinafter referred to as "DSW") was the time charterer of the M/V DRAWSKO.  The remaining allegations of this paragraph are denied for lack of sufficient information to justify belief therein.

5.

It is admitted that Bisso was engaged to conduct salvage operations related to the anchor chain and anchor of the DRAWSKO, but all remaining allegations of this paragraph are denied for lack of sufficient information to justify belief therein.

6.

No answer is required to the allegations of this paragraph which state or attempt to state conclusions or law and/or jurisdictional matters.  To the extent answer may be deemed necessary, it is admitted that this matter arises under the admiralty and maritime law of the United States and Rule 9(h) of the Federal Rules of Civil Procedure.

7.

No answer is required to the allegations of this paragraph which state or attempt to state conclusions or law and/or jurisdictional matters.  However, further answering, it is admitted that a substantial part of the events or omissions giving rise to the instant claim occurred within the Eastern District of Louisiana.

8.

The DRAWSKO entered the berth on or about March 30, 2011, not March 31, 2011.  The vessel then deployed its anchors, utilized the facility's mooring buoys, and began cargo discharge operations.  It is also admitted that it was anticipated the vessel would depart on or about April 3, 2011, although this was not a fixed deadline.  The remainder of the allegations of this paragraph are denied and/or denied as written.

- 3 -

9.

These allegations are denied insofar as they pertain to defendant Polsteam Limassol and/or the M/V DRAWSKO interests and/or any parties owning or operating the DRAWSKO.  The DRAWSKO interests specifically deny that they agreed to be bound by the provisions of the Tariff or any other specific contract with CGB.

10.

Denied.  The port anchor of the DRAWSKO became fouled on underwater obstructions, as will be proven at the trial of this matter, and the windlass was broken by efforts to free the anchor from these obstructions.  These obstructions rendered the berth unsafe and existed pursuant to the negligence, strict liability or other fault of plaintiff CGB, rendering CGB liable for all costs, fees, damages, delays, expenses and other losses incurred by the DRAWSKO, Polsteam Limassol, and/or those interested in the DRAWSKO.

11.

Denied, except to admit that Bisso was retained to aid in retrieving/salvaging the anchor chain and anchor, and that the anchor chain slipped off the deck of a Bisso vessel.  Further answering, representatives of Bisso will testify that the anchor could not be salvaged despite its best efforts, including the use of a heavy lift crane barge, because it was heavily fouled on underwater obstructions.

12.

It is admitted that attempts to salvage the anchor chain and anchor were ongoing through approximately April 6, 2011, but were unsuccessful despite the efforts of Bisso

- 4 -

and/or Weber Marine, Inc.   The remaining allegations of this paragraph are denied and/or denied as written.   Further answering, while dragging a salvage anchor or hook through the area in question, Weber Marine, Inc. lifted numerous wires, cables and other obstructions which should not have been in the berth in question, where plaintiff CGB knew vessel anchors would be deployed.

13.

Denied and/or denied for lack of sufficient information to justify belief therein.

14.

Defendant re-alleges and incorporates its answers and defenses to Paragraphs 1 – 13.

15.

Denied and/or denied for lack of sufficient information pending further discovery. Further answering, all of these additional charges were due solely to the negligence, strict liability or other fault of plaintiff CGB and/or its unsafe berth, precluding CGB from recovering these expenses and/or reducing any recovery.

16.

It is admitted that defendant has not paid these amounts, but they are not owed by defendant because they were incurred due to CGB's negligence and/or fault.

17.

Denied.

18.

Defendant re-alleges and incorporates its answers and defenses raised in paragraphs 1 – 13.

19.

Denied.  Further answering, defendant did not sign or otherwise agree to the terms of any alleged tariff.

20.

Denied.  Further answering, see the response to paragraph 19 above.

21.

Denied.  Further answering, see the response to paragraphs 19 and 20 above.

22.

Defendant re-alleges and incorporates its answers and defenses to paragraphs 1 – 13.

23.

Denied and/or denied for lack of sufficient information to justify belief therein pending discovery and because these allegations set forth conclusions of law.

24.

Denied insofar as these allegations pertain to defendant.

25.

Denied and/or denied for lack of sufficient information to justify belief therein

26.

Defendant re-alleges and incorporates its defenses and answers to paragraphs 1 – 13.

27.

Denied for lack of sufficient information to justify belief therein.

28.

Denied and/or denied as written.  Furthermore, to the extent the DRAWSKO's use of the buoys continued for a prolonged period of time, it was solely because of unsafe and/or negligent conditions in the berth which resulted in the port anchor of the DRAWSKO becoming fouled.

29.

Denied and/or denied for lack of sufficient information to justify belief therein.

30.

Defendant asserts the following affirmative defenses, and reserves the right to assert such other and further affirmative defenses which may become applicable as discovery proceeds:

a)      Contributory negligence;

b)      Assumption of risk;

c)      Duress;

d)      Estoppel;

e)      Failure of consideration;

f)      Fraud;

g)      Illegality;

h)      Statute of frauds;

i)      Waiver.

WHEREFORE, after due proceedings, defendant Polsteam Shipping Company Limited, Limassol, Cyprus prays that the plaintiff's Complaint be dismissed, with prejudice, and at plaintiff's costs.   Polsteam Shipping Company Limited, Limassol, Cyprus also prays for full recovery on its previously filed  counterclaim, including pre- and post- judgment interest, costs, and attorneys' fees (if applicable).  Defendant further prays for all such other and further relief as law and justice and equity may require.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:    *s/ Kevin J. LaVie*
        Kevin J. LaVie, LA Bar: #14125
        Raymond T. Waid, LA Bar: #31351
        Canal Place
        365 Canal Street • Suite 2000
        New Orleans, Louisiana 70130-6534
        Telephone: (504) 566-1311
        Telecopier: (504) 568-9130

ATTORNEYS FOR CLAIMANT/COUNTER-CLAIMANT ERATO TWO SHIPPING LTD., BAHAMAS AND DEFENDANT/COUNTER-CLAIMANT POLSTEAM SHIPPING COMPANY LIMITED, LIMASSOL, CYPRUS

- 8 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has this date been served upon all counsel of record by:

( )  Hand Delivery        ( )  Prepaid U.S. Mail

( )  Facsimile            ( )  UPS

( X )  ECF                ( )  E-mail

New Orleans, Louisiana this 3rd day of August, 2012.

_s/ Kevin J. LaVie_
KEVIN J. LAVIE

- 9 -